NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

No. 17-1542

―――――――――

ARLENE REGANATO,
                    Appellant

v.

APPLIANCE REPLACEMENT INC.,
doing business as Multi-Housing Depot;
JOHN DOES 1 – 5; JOHN DOES 6 – 10

―――――――――

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-15-cv-06164)
District Judge: Honorable Renee M. Bumb

―――――――――

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: June 14, 2018 )

―――――――――

OPINION[*]

―――――――――

AMBRO, Circuit Judge

―――――――――

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Arlene Reganato brought suit against her employer, Appliance Replacement, Inc., for firing her after she resisted her superiors' decision to fire two employees who took paid leave under the Family and Medical Leave Act ("FMLA"). She claims her termination was impermissible retaliation under both the FMLA, 29 U.S.C. § 2615(a)(2), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(d). However, days before her termination, Reganato also failed to make a timely payment to Appliance Replacement's employee health insurance company—one of her job duties—resulting in a lapse of employee benefits. Appliance Replacement claims this was the basis for her termination.

The District Court granted summary judgment in favor of Appliance Replacement. It held Reganato was unable to show she was fired because of her complaints about her superiors' potentially impermissible firing of other employees. Second, it held she could not establish that Appliance Replacement's stated reason for her firing was a mere pretext. Reganato now appeals. Even assuming without deciding that Reganato established a *prima facie* case of retaliation, as she argues on appeal, there is no genuine dispute of material fact as to whether Appliance Replacement's reasoning was pretextual. We therefore affirm.[1]

The District Court applied the *McDonnell Douglas* burden-shifting framework to both retaliation claims, which the parties concede is correct. *See Capps*, 847 F.3d at 151-

_____

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1367. Our appellate jurisdiction exists under 28 U.S.C. § 1291, and our review of summary judgment determinations is plenary. *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 151 (3d Cir. 2017).

52 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, Reganato "must first establish a prima facie case of retaliation." *Id.* at 152 (quoting *Ross v. Gillhuly*, 755 F.3d 185, 193 (3d Cir. 2014)). The burden then shifts to Appliance Replacement to "articulate a legitimate, nondiscriminatory reason" for Reganato's termination. *Id.* (same). The burden shifts back to Reganato to "prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination." *Id.* (same).

Reganato can show pretext by "point[ing] to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994); *see also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 309-10 (3d Cir. 2012) (applying the same pretext standard to FMLA claim); *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65-66 (3d Cir. 1996) (applying the same pretext standard to NJLAD claim). She "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence . . . and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Fuentes*, 32 F.3d at 765 (emphasis omitted) (internal quotations and citations omitted).

As noted, Reganato claims that her superiors had instructed her to participate in the termination of two other employees who had taken paid sick leave under the FMLA.

3

She initially resisted and voiced concern that firing them could violate the FMLA. Eventually she herself was terminated. She does not, however, dispute that one of her duties was to arrange for the timely payment of Appliance Replacement's employee health insurance policy premium. Nor does she dispute that for one month she failed to perform that duty, resulting in a lapse of insurance benefits for her co-workers, and that two days after the problem was discovered and rectified she was fired. She concedes she is partially at fault for the insurance lapse and should have been disciplined for it. She further acknowledges that she was an at-will employee, and company policy did not preclude termination for a single offense.

In this context, Reganato did not show that a reasonable factfinder could determine Appliance Replacement's reason for her firing was "unworthy of credence," which was her burden. We thus affirm.